Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
Telephone: (208)-345-5183
Facsimile: (208)-906-8663
chd@fergusondurham.com
ISB No. 6428
Attorney for Petitioner

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MARK DOUGLAS HUBER,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>RANDY VALLEY, Warden,<br><br>　　　　　　Respondent. | Case No. 1:23-cv-00039-DKG<br><br>**DECLARATION OF MARK DOUGLAS HUBER** |

　　　　I, Mark Douglas Huber, declare under penalty of perjury that the following is true:

　　　　1.　　I am the petitioner in this matter.

1

2.      I repeatedly tried to get my federal constitutional claims heard in the state courts, but I continually ran into roadblocks from the courts and even from my own attorneys.

3.      After I filed my post-conviction petition, I was appointed John J. Rose. In the beginning, Mr. Rose was helping me put together the evidence in support of my claims. But he got sick before the case was at issue and withdrew. The Court then appointed James McMillan to represent me.

4.      Mr. McMillan and I would speak frequently. I would instruct him on what I believed needed to be done to develop post-conviction claims. That included following up with Greg Hampikian, among other things. He said he would, but he completely failed to do so. It got to the point where I had to draft documents and send them to him.

5.      Mr. McMillan blew through the deadlines that the district court had set. In the end, he did not help me at all. I set out these problems in my Affidavit of Mark Huber Regarding Communication with Counsel, which was filed in the state district, dated January 28, 2019. Exhibit A to this Affidavit (minus attachments)(also found at State's Lodging C-6, pp. 913-16.) I have since learned that Mr. McMillan resigned his bar license instead of being disbarred.

6.      The district court denied my request to appoint counsel for my post-conviction appeal. I was left to fend for myself.

7. I have a limited education. I have a high school diploma but was not a great student.

8. I have always worked in general labor jobs.

9. I am not trained in the law in any way.

10. When I got to prison, I realized that the Idaho Department of Correction's legal resource center is really anything but. It contains no case law. The only way you can get case law is if someone sends it to you. That is costly and time-consuming.

11. You also have to set up an appointment with the paralegal. The prison is understaffed and it can take a long time for the paralegal to respond to inquiries. This is true even during normal times.

12. My recollection is that part of my post-conviction appeal continued into the COVID pandemic. During COVID, we were locked down for considerable periods of time, without access to the paralegal, and no access to legal resources. During that time, it could take several weeks to a month to hear back at all.

13. I was ignorant of all of the rules that applied but I did my best to comply with what I did know.

14. Whenever I was representing myself, I ran into a lot of problems with the Shoshone County District Court. The clerks would file documents in the wrong case. Sometimes they would not file my documents at all. I often did not receive notice from them when something was filed. For instance, I did not know that the district court had

3

dismissed my successive post-conviction petition until Mr. Durham discovered that

been several months later.

    I declare under the penalty of perjury that the foregoing is true and correct.

    EXECUTED on this 16th day of November, 2023.

                                                  */s/Mark D. Huber*
                                                Petitioner

Mark D. Huber 55246
ISCC F3-41-B
P.O. Box 70010
Boise, Idaho 83707


Petitioner


IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF SHOSHONE

---

| | |
|---|---|
| Mark D Huber, ) | Case No. 2015-89 |
| ) | |
| Petitioner, ) | AFFIDAVIT OF MARK D. HUBER REGARDING |
| ) | COMMUNICATION TO COUNSEL and REPORTS |
| vs ) | FROM GREG HAMPIKIAN PHD. |
| ) | |
| State or Idaho, ) | |
| ) | |
| Respondent, ) | |

---

STATE OF IDAHO   )
                 ) ss.
COUNTY OF ADA    )


   Mark D. Huber, after first being duly sworn upon his oath, deposes and

says:

1)   I called James McMillan (James) on July 12, 2018 regarding July 11,

2018 pre-trial. James said my case had been continued until Jan. 2019.


AFFIDAVIT OF MARK D. HUBER REGARDING COMMUNICATION TO COUNSEL and REPORTS
FROM GREG HAMPIKIAN PHD.   pg 1

2)   I have made several requests to James for a copy of the new pre-trial and trial dates set by the court. As of 1-27-2019 James has not provided this information to me.

3)   I have instructed James many times of several things I want submitted to the court at pre-trial. Things included in this request are Hampikian's reports the discovery packet recieved form the state on June 17, 2016 and my affidavits.

4)   James was instructed to submitt all Redal's deposition and all exhibits introduced at deposition on or before pre-trial.

5)   On Jan. 10 2019 I called James and asked what happened at pre-trial on Jan. 9, 2019 his response was "It was just a quick status hearing and we are still going to trial on Jan. 31 and Feb. 1, 2019." I then asked him about transport, he said " I am giong to get the transport order signed today."

6)   On Jan. 22, 2019 I called James and asked him again about transport. I informed him that there was only one more transport before trial and he assured me that I would be on it and in Shoshone County for trial on Jan. 31 and Feb. 1 2019.

7)   When asked about retesting the DNA sample, former counsel Jack Rose said that contamination was an issue and retesting would likely produce the same faulty results.

8)   Attached to this affidavit is:
   a. two reports from Greg Hampikian PHD. The first one is dated Sept. 8, 2017 the second is dated July 10, 2018.
   b. notice of hearing set by the court for July 11, 2018 and August 2, 2018.
   c. letter from Jack Rose dated April 28, 2017.
   d. Letter to James instructing him of things I want submitted to the

AFFIDAVIT OF MARK D. HUBER REGARDING COMMUNICATION TO COUNSEL and REPORTS FROM GREG HAMPIKIAN PHD. pg 2

court at pre-trial Jan. 9, 2019 and affidavit of Mark D. Huber asserting Actual Innocence.

e. portions of the discovery packet including evidence input file and photo of spermatooza.

FURTHER THIS AFFIANT SAYETH NAUGHT.

Dated this 28 day of January, 2019.

_____
Mark D. Huber

SUBSCRIBED AND SWORN TO before me this 28 day of January 2019.

Seal 

_____
Notary Public for Idaho

Commission expires  11/8/2024

AFFIDAVIT OF MARK D. HUBER REGARDING COMMUNICATION TO COUNSEL and REPORTS FROM GREG HAMPIKIAN PHD.   pg 3